TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0698
        Facsimile: (213) 894-3713
        E-mail:    jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

02/16/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 5:22-cr-00049-JAK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MEDHAT LABIB |
| v. | |
| MEDHAT LABIB, | |
| Defendant. | |

1.   This constitutes the plea agreement between MEDHAT LABIB ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a three-count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Structuring Transactions to Evade Reporting Requirements in violation of 31 U.S.C. §§ 5324(a)(3), (d)(2); and Subscribing to a False Tax Return, in violation of 26 U.S.C. § 7206(1).

> b.   Not contest facts agreed to in this agreement.

> c.   Abide by all agreements regarding sentencing contained in this agreement.

> d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

> e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

> f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

> g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

> h.   Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

> i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of

guilty pleas, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

   3.   Defendant admits that defendant received $353,256.54 of unreported income for years 2017 and 2018.  Defendant agrees that:

      a.   Defendant will file, prior to the time of sentencing, amended returns for the years subject to the above admissions, correctly reporting unreported income; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; will pay to the Fiscal Clerk of the Court at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

      b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

      c.   Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.    Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for 2017 and 2018.

e.    Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

f.    Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service to assess and collect the total sum of $118,738 ($51,890 and $66,848 for the defendant's tax years 2017 and 2018, respectively), which comprises the tax liabilities, as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

                    THE USAO'S OBLIGATIONS

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

1

<u>NATURE OF THE OFFENSES</u>

2      5.  Defendant understands that for defendant to be guilty of
3  the crime charged in Count One, that is, Structuring Transactions to
4  Evade Reporting Requirements, in violation of Title 31, United States
5  Code, Sections 5324(a)(3), (d)(2), the following must be true:

6      a.  Defendant knowingly structured, attempted to
7  structure, or assisted in structuring, a currency transaction;

8      b.  Defendant knew of the domestic financial institution's
9  legal obligation to report transactions in excess of $10,000; that
10 is, he knew that a Currency Transaction Report was required to be
11 filed for any currency transaction over $10,000;

12     c.  The purpose of the structured transactions was to
13 evade that reporting requirement.

14     d.  The structured transaction involved one or more
15 domestic financial institutions; for example, one or more domestic
16 banks insured by the Federal Deposit Insurance Corporation.

17     e.  Defendant acted as part of a pattern of illegal
18 activity involving more than $100,000 in a 12-month period.

19     6.  Defendant understands that for defendant to be guilty of
20 the crime charged in Counts Two and Three, that is, Subscribing to a
21 False Tax Return, in violation of Title 26, United States Code,
22 Section 7206(1), the following must be true:

23     a.  Defendant signed and filed a tax return for the year
24 2019 that he knew contained false information as to a material
25 matter;

26     b.  The return contained a written declaration that it was
27 being signed subject to the penalties of perjury; and

28

1       c.   In filing the false tax return, the defendant acted
2 willfully.
3 In order to prove the defendant acted "willfully," the government
4 must prove beyond a reasonable doubt that the defendant knew federal
5 tax law imposed a duty on him and the defendant intentionally and
6 voluntarily violated that duty.  A matter is "material" if it has a
7 natural tendency to influence, or is capable of influencing, the
8 decisions or activities of the Internal Revenue Service.

9                      <u>PENALTIES AND RESTITUTION</u>

10      7.   Defendant understands that the statutory maximum sentence
11 that the Court can impose for a violation of Title 31, United States
12 Code, Sections 5324(a)(3), (d)(2), is: ten years' imprisonment; a
13 three-year period of supervised release; a fine of $500,000.00 or
14 twice the gross gain or gross loss resulting from the offense,
15 whichever is greatest; and a mandatory special assessment of $100.00.

16      8.   Defendant understands that the statutory maximum sentence
17 that the Court can impose for each violation of Title 26, United
18 States Code, Section 7206(1), is: three years' imprisonment; a one-
19 year period of supervised release; a fine of $250,000 or twice the
20 gross gain or gross loss resulting from the offense, whichever is
21 greatest; and a mandatory special assessment of $100.

22      9.   Defendant understands, therefore, that the total maximum
23 sentence for the offenses to which defendant is pleading guilty is:
24 sixteen years' imprisonment; a 3-year period of supervised release; a
25 fine of $1,000,000 or twice the gross gain or gross loss resulting
26 from the offenses, whichever is greatest; and a mandatory special
27 assessment of $300.

28

10.   Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon conviction of Counts Two and Three and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.  The parties currently believe that the applicable amount of restitution is approximately $118,738, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.  Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

14.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant is the owner and operator of MDJ Master Tobacco (MDJ), an S-Corporation that manages eight tobacco stores. During tax years 2017 and 2018, defendant concealed his total income from the Internal Revenue Service ("IRS") by

diverting cash and business checks from his business bank accounts to his personal accounts.  Defendant intentionally failed to report the diverted money on his 1040 personal and 1120-S corporate tax forms, by falsifying the reported income of his business.

Specifically, to conceal income, defendant deposited into his personal bank accounts a portion of MDJ's cash receipts, as well as certain checks constituting revenue to the business.  Defendant falsely told his tax return preparer that all MDJ's receipts were deposited into the business accounts, concealing the deposits in his personal accounts.

In 2018 and 2019, defendant filed U.S. Income Tax Returns for an S Corporation, Form 1120-S, for MDJ Master Tobacco Inc. that, as defendant then knew, underreported business income for tax years 2017 and 2018 by $119,847.33 and $233,409.21, respectively.  Relying on this understatement, as defendant knew and intended, the fraudulently reduced amount of the business's reported income flowed through to defendant's U.S. Individual Income Tax Return, Form 1040, for each tax year, and, as a result, defendant falsely underreported his taxable income for tax years 2017 and 2018.  Defendant's understatement of income on his 2017 and 2018 Forms 1040 results in a tax loss (which does not include interest or any applicable civil penalties) of

$51,890.00 in 2017 and $66,848 in 2018 (for a total loss of $118,738 for both years).

Specifically, on or about March 25, 2018, in Riverside County, defendant reported on line 22 of his Form 1040 that his total taxable income for calendar year 2017 was $461,444, when in fact, as defendant then knew, his total taxable income for the year 2017 was $581,291.33.

On or about March 29, 2019, in Riverside County, defendant reported on line 6 of his Form 1040 that his total taxable income for calendar year 2018 was $431,513, when in fact, as defendant then knew, his total taxable income for the year 2018 was $664,922.21.

Defendant admits that he willfully made and subscribed to materially false U.S. Individual Income Tax Returns, Form 1040, for tax years 2017 and 2018, which were verified by written declarations that they was made under the penalties of perjury, which returns defendant did not believe to be true and correct as to every material matter.

The false information provided by defendant was material in that it affected the IRS's calculation of the amount of business and personal income that defendant had received in 2017 and 2018, and prevented the IRS from verifying the accuracy of the amount of tax claimed to be owed on the returns and determining whether additional tax was owed.  Defendant acted willfully.  Defendant

1    knew that the law required him to report all income accurately

2    and to pay all business and income tax that was due and owing.

3    Defendant voluntarily and intentionally violated those duties.

4

5    Structuring

6    To conceal his income, defendant structured several of the cash

7    deposits of MDJ's revenue into his personal bank accounts at

8    federally insured domestic banks by breaking up amounts of cash

9    that exceeded $10,000 in the aggregate into smaller deposits at

10   multiple institutions on the same day.

11

12   Beginning or about March 6, 2018, and continuing through at

13   least on or about July 9, 2018, knowing that banks are required

14   to report the deposit of cash in one day in excess of $10,000,

15   and in an effort to avoid this requirement and to conceal his

16   income, defendant knowingly structured cash deposits into

17   defendant's personal bank accounts at Citibank and US Bank

18   designed to fall below the threshold reporting requirement.  In

19   total, between March 6, 2018, and July 9, 2018, defendant

20   intentionally structured the deposit of $135,631.50 across 18

21   cash transactions into defendant's bank accounts at Citibank and

22   US Bank designed to fall below the threshold reporting

23   requirement, constituting a pattern of illegal activity

24   involving more than $100,000 in a 12-month period, including the

25   deposits described in the following chart:

26

27

28

| Bank | Account | Date | Amount |
|------|---------|------|--------|
| Citibank | x7372 | 5/02/18 | $8,500 |
| US Bank | x2937 | 5/02/18 | $7,802 |
| Citibank | x7372 | 7/02/18 | $9,088.50 |
| US Bank | x2937 | 7/02/18 | $6,000 |

SENTENCING FACTORS

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Count One

| | | |
|---|---|---|
| Base Offense Level: | 6 | [USSG § 2S1.3(a)(2)] |
| Structured more than $95,000 | +8 | [USSG § 2S1.3(a)(2); § 2B1.1(b)(1)(E)] |
| Pattern of more than $100,000 | +2 | [USSG § 2S1.3(b)(2)] |

<u>Counts Two and Three</u>
Base Offense Level                    16      [USSG §§ 2T1.1, 2T4.1(F)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The parties have no agreement as to the application of a multiple-count adjustment pursuant to USSG Chapter 3, Part D.

17.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's

14

calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $118,738; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

23.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and

1    (b) the Court imposes a term of imprisonment within or above the
2    range corresponding to an offense level of 13 and the criminal
3    history category calculated by the Court, the USAO gives up its right
4    to appeal any portion of the sentence, with the exception that the
5    USAO reserves the right to appeal the following: the amount of
6    restitution ordered if that amount is less than $118,738.

7                    RESULT OF WITHDRAWAL OF GUILTY PLEA
8           24.  Defendant agrees that if, after entering guilty pleas
9    pursuant to this agreement, defendant seeks to withdraw and succeeds
10   in withdrawing defendant's guilty pleas on any basis other than a
11   claim and finding that entry into this plea agreement was
12   involuntary, then the USAO will be relieved of all of its obligations
13   under this agreement.

14               RESULT OF VACATUR, REVERSAL OR SET-ASIDE
15          25.  Defendant agrees that if any count of conviction is
16   vacated, reversed, or set aside, the USAO may: (a) ask the Court to
17   resentence defendant on any remaining counts of conviction, with both
18   the USAO and defendant being released from any stipulations regarding
19   sentencing contained in this agreement, (b) ask the Court to void the
20   entire plea agreement and vacate defendant's guilty pleas on any
21   remaining counts of conviction, with both the USAO and defendant
22   being released from all their obligations under this agreement, or
23   (c) leave defendant's remaining convictions, sentence, and plea
24   agreement intact.  Defendant agrees that the choice among these three
25   options rests in the exclusive discretion of the USAO.

26
27
28
                                    16

1                    EFFECTIVE DATE OF AGREEMENT

2        26.  This agreement is effective upon signature and execution of

3   all required certifications by defendant, defendant's counsel, and an

4   Assistant United States Attorney.

5                      BREACH OF AGREEMENT

6        27.  Defendant agrees that if defendant, at any time after the

7   effective date of this agreement, knowingly violates or fails to

8   perform any of defendant's obligations under this agreement ("a

9   breach"), the USAO may declare this agreement breached.  All of

10  defendant's obligations are material, a single breach of this

11  agreement is sufficient for the USAO to declare a breach, and

12  defendant shall not be deemed to have cured a breach without the

13  express agreement of the USAO in writing.  If the USAO declares this

14  agreement breached, and the Court finds such a breach to have

15  occurred, then: (a) if defendant has previously entered guilty pleas

16  pursuant to this agreement, defendant will not be able to withdraw

17  the guilty pleas, and (b) the USAO will be relieved of all its

18  obligations under this agreement.

19       COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

20                      OFFICE NOT PARTIES

21       28.  Defendant understands that the Court and the United States

22  Probation and Pretrial Services Office are not parties to this

23  agreement and need not accept any of the USAO's sentencing

24  recommendations or the parties' agreements to facts or sentencing

25  factors.

26       29.  Defendant understands that both defendant and the USAO are

27  free to: (a) supplement the facts by supplying relevant information

28  to the United States Probation and Pretrial Services Office and the

Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

18

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3      PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4      32.   The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 TRACY L. WILKISON
   United States Attorney

11

12 _____        2/14/2022
   JEFF MITCHELL                          _____
13 Assistant United States Attorney       Date

14 _____        1/27/2022
                                          _____
15 MEDHAT LABIB                           Date
   Defendant

16 _____        1/27/2022
   MICHAEL HAMMAD                         _____
17 Attorney for Defendant Medhat Labib    Date

18

19

20

21            CERTIFICATION OF DEFENDANT

22     I have read this agreement in its entirety.  I have had enough

23 time to review and consider this agreement, and I have carefully and

24 thoroughly discussed every part of it with my attorney.  I understand

25 the terms of this agreement, and I voluntarily agree to those terms.

26 I have discussed the evidence with my attorney, and my attorney has

27 advised me of my rights, of possible pretrial motions that might be

28 filed, of possible defenses that might be asserted either prior to or

1  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
2  of relevant Sentencing Guidelines provisions, and of the consequences
3  of entering into this agreement. No promises, inducements, or
4  representations of any kind have been made to me other than those
5  contained in this agreement. No one has threatened or forced me in
6  any way to enter into this agreement. I am satisfied with the
7  representation of my attorney in this matter, and I am pleading
8  guilty because I am guilty of the charges and wish to take advantage
9  of the promises set forth in this agreement, and not for any other
10 reason.

11 _____          1/27/2022
12 MEDHAT LABIB                             Date
   Defendant
13
14
15
16
17
18              CERTIFICATION OF DEFENDANT'S ATTORNEY

19     I am Medhat Labib's attorney. I have carefully and thoroughly
20 discussed every part of this agreement with my client. Further, I
21 have fully advised my client of his rights, of possible pretrial
22 motions that might be filed, of possible defenses that might be
23 asserted either prior to or at trial, of the sentencing factors set
24 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
25 provisions, and of the consequences of entering into this agreement.
26 To my knowledge: no promises, inducements, or representations of any
27 kind have been made to my client other than those contained in this
28 agreement; no one has threatened or forced my client in any way to

                              20

1   enter into this agreement; my client's decision to enter into this

2   agreement is an informed and voluntary one; and the factual basis set

3   forth in this agreement is sufficient to support my client's entry of

4   guilty pleas pursuant to this agreement.

5

6   MICHAEL HAMMAD                        1/27/2022
    Attorney for Defendant Medhat Labib   Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No. 22-

11            Plaintiff,                I N F O R M A T I O N

12            v.                        [31 U.S.C. §§ 5324(a)(3), (d)(2):
                                        Structuring Transactions to Evade
13   MEDHAT LABIB,                      Reporting Requirements; 26 U.S.C.
                                        § 7206(1): Subscribing to a False
14            Defendant.                Tax Return]

15

16       The United States Attorney charges:

17                         COUNT ONE

18               [31 U.S.C. §§ 5324(a)(3), (d)(2)]

19       On or about the dates set forth below, in San Bernardino County,

20   within the Central District of California, and elsewhere, defendant

21   MEDHAT LABIB did knowingly and for the purpose of evading the

22   reporting requirements of section 5313(a) of Title 31, United States

23   Code, and the regulations promulgated thereunder, structure and

24   assist in structuring the following transactions with domestic

25   financial institutions, including Citibank and US Bank, and did so as

26   part of a pattern of illegal activity involving more than $100,000 in

27   a 12-month period:

28

| DATE | ACCOUNT | CASH AMOUNT DEPOSITED |
|------|---------|----------------------|
| 3/6/2018 | Citibank account number x7372 | $5,000.00 |
| 3/6/2018 | US Bank account number x2937 | $5,000.00 |
| 3/21/2018 | Citibank account number x7372 | $6,179.00 |
| 3/28/2018 | Citibank account number x7372 | $9,160.00 |
| 3/29/2018 | US Bank account number x2937 | $7,539.00 |
| 4/3/2018 | US Bank account number x2937 | $7,902.00 |
| 4/20/2018 | US Bank account number x2937 | $9,068.50 |
| 5/2/2018 | Citibank account number x7372 | $8,500.00 |
| 5/2/2018 | US Bank account number x2937 | $7,802.00 |
| 5/9/2018 | US Bank account number x2937 | $9,723.00 |
| 5/18/2018 | US Bank account number x2937 | $8,000.00 |
| 5/24/2018 | US Bank account number x2937 | $5,601.50 |
| 6/6/2018 | US Bank account number x2937 | $9,901.00 |
| 6/18/2018 | Citibank account number x7372 | $8,324.00 |
| 6/19/2018 | Citibank account number x7372 | $7,615.00 |
| 7/2/2018 | Citibank account number x7372 | $9,088.50 |
| 7/2/2018 | US Bank account number x2937 | $6,000.00 |
| 7/9/2018 | US Bank account number x2937 | $5,228.00 |
| | Total of deposits | $135,631.00 |

COUNT TWO

[26 U.S.C. § 7206(1)]

On or about May 25, 2018, in Riverside County, within the Central District of California, and elsewhere, defendant MEDHAT LABIB, a resident of Riverside County, California, willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for tax year 2017, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, which return defendant LABIB did not believe to be true and correct as to every material matter, in that defendant LABIB reported, on line 22, that his taxable income for calendar year 2017 was $461,444, when, in fact, as defendant LABIB then knew and believed, his taxable income for the year 2017 was substantially higher than that amount.

COUNT THREE

[26 U.S.C. § 7206(1)]

On or about March 29, 2019, in Riverside County, within the Central District of California, and elsewhere, defendant MEDHAT LABIB, a resident of Riverside County, California, willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for tax year 2018, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, which return defendant LABIB did not believe to be true and correct as to every material matter, in that defendant LABIB reported, on line 6, that his taxable income for calendar year 2018 was $431,513, when, in fact, as defendant LABIB then knew and believed, his taxable income for the year 2018 was substantially higher than that amount.

TRACY L. WILKISON
United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

4

**CERTIFICATE OF SERVICE**

I, **Simonia White**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT FOR DEFENDANT MEDHAT LABIB**

☐ Placed in a closed envelope
for collection and inter-office
delivery, addressed as follows:

☒ Placed in a sealed envelope
for collection and mailing via
United States mail, addressed
as follows:

**Michael Hammad, Esq.**
**2042 Goldeneye Pl**
**Costa Mesa, CA 92626**

This Certificate is executed on **February 15, 2022**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Simonia White*

Simonia White
Legal Assistant